Nicholas Brissey
Thomas Brissey, father of minor son,
c/o 112 N. Harrington Road
St Simons Island, Ga. 31522
(912) 638-0524

FILED
U S. DIST. COURT
BRUNSWICK DIV.

2002 JAN 22  A 10: 58

CLERK _____
SO. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| Nicholas Brissey, by and through,     ) <br> Thomas Brissey, father and next friend,   ) <br>                   ) <br>       Plaintiff,             ) <br>                   ) <br> vs                    ) <br>                   ) <br> CADDIE MASTER ENTERPRISES, INC ,   ) <br> trading and doing business as,       ) <br> CADDIE MASTER AT SEA ISLAND, LLC, ) <br>                   ) <br>       Defendant.          ) | CASE NO. CV **CV202-017** |

### VERIFIED COMPLAINT

COMES NOW, Plaintiff, Nicholas Brissey, a minor, suing by and through, Thomas

Brissey, his father, natural guardian and next friend, to bring this complaint against CADDIE

MASTER ENTERPRISES, INC., trading and doing business as CADDIE MASTER AT SEA

ISLAND, LLC, by and through, Mike Dennison, registered agent (company), to wit·

### I. JURISDICTION AND VENUE

1. Jurisdiction is authorized pursuant to Title 28 U.S.C , § 1331, § 1340 and Title 42

U.S.C., §1983, to redress the deprivation which has occurred by the misapplication under color

of statute, regulation, custom, and usage, of the written law, which is the cause of this action

2. This honorable Court has proper venue under Title 28 U.S C., §1391(a)(2), (3), (b)(2)

Page 1 of 8

## II.  PLAINTIFF

3   Plaintiff, Nicholas  Brissey, a minor, suing by and through his parent, natural guardian

and next friend, Thomas Brissey, both Citizens of Glynn County, state of Georgia, domiciled at

112 N. Harrington Road, St. Simons Island, Ga  31522, (912) 638-0524, and voluntarily gives

jurisdiction to this honorable Court

## III.  DEFENDANT

4   Defendant, CADDIE MASTER ENTERPRISES, INC , trading and doing business as

CADDIE MASTER AT SEA ISLAND, LLC, organized under Delaware and domesticated in the

State of Georgia, trading and doing business in the State of Georgia, acting as a withholding

agent, pursuant to Title 26 U.S.C , §1461, service upon the Defendant may be had, by and

through, Mike Dennison, a citizen and resident of Glynn County, State of Georgia, serving as a

registered agent employee, at 400 Retreat Avenue, St  Simons Island, 31522, and is subject to the

jurisdiction of this honorable Court

## IV. FACTS

5   On approximately, January 24th, 2001, Plaintiff, Nicholas Brissey applied for a caddie

job with CADDIE MASTER ENTERPRISES, INC.  Plaintiff was given a Caddie Training

Manual which specified how the caddies would be paid (exhibit A, a copy of pertinent last page

attached and incorporated herein), and an I-9, W-4 and G-4 to be completed  Upon completion

of a four day training course, split over two weekends, Plaintiff started working as a caddie

6   The nominal amount of Plaintiff's remuneration, which he contracted to be paid from

Defendant, CADDIE MASTER ENTERPRISES, INC , is determined by his activity during a

round of golf (loop).  If Plaintiff  works as a Caddie, he is paid a flat $25/bag/loop, plus the

substantial part of Plaintiff's remuneration, consisting of tips  If  Plaintiff works as a Forecaddie,

he is paid $7 50/bag/loop, plus the substantial part of Plaintiff's remuneration, consisting of tips

After six months, the above schedule of payment went to $25 75 and $7 75 respectively.  To date,

Defendant, CADDIE MASTER ENTERPRISES, INC , owes Plaintiff in excess of $2,300 00 for

the nominal portion of his pay which is to be provided by CADDIE MASTER ENTERPRISES,

INC. for services rendered.

     7.  Approximately a week after receiving the I-9, W-4 and G-4 forms, Plaintiff returned to

his manager, in lieu of signed forms,  written notification of his legal position, dated February 12th,

2001, (exhibit B, a copy attached and incorporated herein), that as a Citizen of the United States

of America, he was protected and not required to complete the I-9 form  Plaintiff  also, through

affidavit, countersigned by his father, documented that Plaintiff did not participate in Social

Security, and so did not complete the W-4 or G-4, Withholding Allowance Certificates.

     8.  Plaintiff worked for two months, receiving tips alone, which is the major part of

Plaintiff's remuneration, when Plaintiff was finally paid the full nominal portion of Plaintiff's

remuneration by Defendant, CADDIE MASTER ENTERPRISES, INC , with check number

3696  However, the normal pay period, as stated in exhibit A, is weekly.  Plaintiff continued to

work, receiving only tips, for an additional five months.  When Plaintiff inquired about Plaintiff's

pay, that was grossly in arrears, Plaintiff was informed that Plaintiff could not be paid until he

completed a W-4 and G-4 or the company would withhold at 31%.  Plaintiff's father contacted

the home office and spoke with the Controller for the company, Ms  Shelbey McDermott

Plaintiff's father asked Ms  McDermott why the company intended to withhold at 31%, when that

was specifically authorized by Title 26 U.S.C , Subtitle C Employment, Chapter 24 at

§3406(a)(1)(A) when dealing with Title 26 U S C , Subtitle A Income, at §1441, having to do with non-resident aliens

9   Plaintiff received in the mail on Friday, October 15th, 2001, a W-4 and G-4 and was told in writing that if he did not sign these forms and return them by the 19th, Plaintiff would no longer be able to work for the company.  Plaintiff did not sign the forms but worked on Saturday and Sunday October 20th and 21st, 2001. A week later, Plaintiff was pulled off a "loop" and was told that he could not work further, until this situation was resolved

10   On Monday, October 30th, 2001, Plaintiff's father contacted Mr. Michael Granuzzo, CEO of the company and indicated his desire to get this situation resolved quickly or take legal action   The matter was referred to Defendant's counsel   Several conversations occurred between Plaintiff's father and said counsel, Mr. Jason Branciforte, Esq   Plaintiff was told by Mr Branciforte, Esq., to return to work, while negotiations were ongoing.

11   Plaintiff's father, on behalf of Plaintiff, presented two options to company's counsel, A. to follow the law and pay Plaintiff as was agreed, evidenced by previous payment with check number 3696; or   B   contract with a company, which deals with leasing employees, who do not have Social Security numbers, and stated that an EIN would be supplied   Both options were rejected

12   Plaintiff then received a check on Friday, November 2nd, 2001, minus payments to Federal programs Plaintiff does not participate in, (Social Security and Medicare).  This check was returned to the company as it was not a full paycheck.  When Plaintiff appeared for his scheduled round on Saturday, November 3rd, 2001,  the company presented Plaintiff with a new agreement to sign, authorizing further withholding by the company.  Plaintiff's father was called

and he advised Plaintiff not to sign the new proposal as the signing would indicate either

participation in a program that Plaintiff does not participate in, admit potential liabilities for taxes

he did not owe or, at the very least, further authorize the unlawful withholding by the company

Plaintiff continued to work that day and the following day

13   Plaintiff's father, on Wednesday, November 7th, 2001, was contacted by the

companies' counsel, where, during the conversation, counsel was informed that Plaintiff was a

minor

14   On Thursday, November 8th, 2001, Plaintiff's father was contacted by companies'

counsel and was told that Plaintiff would need to supply a "work permit" to the company   The

permit was picked up from the school board on Friday November 9th,  filled out and presented to

his supervisor on Saturday, November 10th, 2001   Plaintiff worked that day

15. Plaintiff's father took the signed work permit to the Glynn County School Board,

received signatory approval and gave the signed form to Plaintiff to return to his manager

Plaintiff's father, as another attempt at resolution, sent a notarized Employer Indemnification,

offering to take full responsibility for any fines or liabilities the Defendant feared would be levied

by the Internal Revenue Service for compliance with the original agreement   At this time,

Plaintiff, while still working, is only receiving tips and none of the agreed upon nominal

compensation for carrying bags and other related duties.

## V.  LEGAL CLAIMS

18   The facts related above disclose a concerted and systematic effort by the Defendant

and his agents to deprive Plaintiff of his constitutional secured rights, including, but not limited to,

those enumerated in the succeeding paragraphs, to be fully paid for Plaintiff's labor by Defendant,

while misapplying numerous Federal and State laws

## VI.  CAUSE OF ACTION

19   Defendant, CADDIE MASTER ENTERPRISES, INC., trading and doing business as

CADDIE MASTER AT SEA ISLAND, LLC, while acting as a withholding agent for the Internal

Revenue Service, described at Title 26 U.S C., §7701 (a)(18), has breached the original

agreement between the "company" and Plaintiff,  claiming immunity to do so, by the clear

misapplication of the statutory laws pursuant to Titles 20, 26, 42 U.S C., and Title 26 CFR

Citing statutes that do not apply to Plaintiff, Defendant has attempted to alter the provisions of

the original arrangement, by demanding and intimidating Plaintiff, in an effort to force Plaintiff,

into signing a new agreement, authorizing further withholding, or be terminated.  In addition to

the new agreement, Defendant also informed Plaintiff that without a signed W-4 and G-4, they

intended to withhold at 31%, which would violate the 5th Amendment to the Constitution,

numerous statutes contained in Title 20 U S.C., Title 18 U S C , Title 26 U.S C , Title 42 U S C.,

and in the State of Georgia, specifically at O C.G A. § 16-8-2, theft by taking, as they were not

authorized to withhold any monies, without a signed G-4.  This is also a violation of Georgia law

at O.C.G.A. § 16-8-4, theft by conversion, where stolen money would be used for the benefit of

another, as unpaid monies, will generate interest for the one in possession.

20   Plaintiff is entitled to a declaratory judgment directing CADDIE MASTER

ENTERPRISES, INC , that Citizens of the United States of America, not participating in a

voluntary Federal welfare program, known as Social Security, are at liberty **to not** participate in

Social Security, as indicated in Title 42 U.S.C , §405, and that employers, upon being notified by

employees, who are Citizens of the United States, and decline to participate in Social Security,

**are not entitled** to withhold any Social Security payments from the remuneration of said employees   And in addition to declaratory judgment and/or injunctive relief, Plaintiff is entitled recovery of all his accrued back remuneration, as well as,  monetary damages for the unlawful withholding of his money and punitive damages to ensure respect and compliance with the law in the future

## VII.  RELIEF

WHEREFORE, Plaintiff demands judgment as follows

1   Order Defendant pay Plaintiff  all past remuneration to which he is entitled;

2   Compensatory damages of 15% for the first $500, and 10% on all monies in excess of $500 still owed to the Plaintiff,

3   Damages for the unlawful withholding of Plaintiff's money of $500,

4   Issue a Declaratory Judgment and/or in the alternative, a permanent injunction against Defendant's acts, policies and practices herein described and complained of, which violate Plaintiff's rights, under the Constitution of the United States of America and protected by specific statutes codified,

5   Punitive damages great enough to insure that Defendant will not transgress against Plaintiff or other similarly situated minors in the future;

6   Any further relief, that this honorable Court deems just and proper in this immediate action

Exhibits A, B, Brief in Support and Appendix attached and incorporated herein by reference

Dated this 22nd day of January, 2002.

Respectfully Submitted and sworn to under the pains and penalties of perjury that the above complaint is true and correct to the best of my knowledge and belief,

*Thomas E. Brissey*
Thomas E  Brissey, father and next friend,
to Plaintiff, Nicholas Brissey
c/o 112 North Harrington Road
St  Simons Island, Ga  31522
(912) 638-0524

The above named person, upon proper presentation of documentary evidence of his identity, swore under penalty of perjury, that the above complaint is true and correct to the best of his knowledge and belief

*Claudia M. Price*
Notary Public, State of Georgia

My commission expires _____  Notary Public, Glynn County, Georgia
My Commission Expires April 16, 2004

SEAL

- Ask your player if he/she would fill out the caddie rating card. Tell them that this is a new program and the Club is looking to improve its level of service. Suggest that the player return the card to the pro shop or the Starter.
- Follow Cart Cleaning Procedure below.
- Return to the manager's office. Initial the daily activity sheet and tell the manager your caddie ID number. Fill out the Sign Out Sheet -- fill in (1) Caddie ID and Name; (2) the number of players for that day; (3) write the next day and time you have agreed to work; (4) sign your initials.
- Clean trash out of the caddie room.
- Return the range finder and initial the range finder log.
- Return your towel to the laundry bin.
- Know when you are to work next.

Cart Cleaning Procedure
- Remove all trash and debris (leaves, pine needles etc.), especially from the dashboard wells and bag wells on the back of the cart.
- Insert a scorecard and pencil into the scorecard holder.

Rates
**A pay period runs from THURSDAY TO WEDNESDAY – weekly. It is disbursed every TUESDAY following a pay period. Report any discrepancies immediately to the Caddie Manager. Caddies are responsible at the end of each day to initial the activity log to verify their work.**

| Forecaddie Pay Rates | Caddy Pay Rates |
|---|---|
| 18 Holes ——— $7.50 per bag | 18 holes —— $25.00 per bag |
| 9 Holes ——— $5.00 per bag | 9 Holes ——— $15.00 per bag |

Privileges
For every _____ jobs you will receive one round of golf. The privilege is limited in that you may play only at times when the Pro Shop has times available. See the Caddie Manager for additional details.

Caddie Name (Print) _____

*I have read and understand the entire Caddying and Forecaddying Training Manual for Sea Island Golf Club including the main text of the Manual, the Rules and Definitions Appendix, the Caddying in a Scramble Format Appendix and Sea Island Golf Club Requirements Appendix.*

**Signed** _____     **Date** _____

ExHiBiT: A   1 of 1

Nicholas Jack Brissey

302 Cedar Street
St. Simons Island, Ga. 31522
(912) 638-0524

February 12th, 2001

Caddie Master Enterprises, Inc.
P.O. Box 160
Pinehurst, N.C. 28370-0160

SUBJECT: Statement of Citizenship regarding
26 U.S.C. § 3401(a) definition of "wages" withheld under § 3402,
26 U.S.C. § 3121(a) and 20 CFR § 404.1041 definition of "wages" for
the purposes of the Social Security Act, and
requirements of U.S. Citizens regarding the I-9 Form

Dear General Manager,

In accordance with the construction of the Income Tax withholding statues of the Internal Revenue Code (26 USC), Section 3401(a), I hereby provide you with written notice that I am a Citizen and resident of the United States, which are two of the criteria which reveal that the remuneration paid to a U.S. Citizen is not deemed "wages" as defined by the Federal Income Tax laws to be subject to withholdings.

This Statement and the accompanying Notice should well provide reasonable cause and belief that my remuneration is not included in gross income in 26 U.S.C. § 911 to be subject to the withholding provisions of § 3402 and thus provide Caddie Master Enterprises, Inc with protection from liability for withholding from my remuneration under § 3403.

Therefore, in accordance with the facts of my Citizenship and residence, in effect of the exception clause of 26 U.S.C. § 3401(a)(8)(A)(i), Caddie Master Enterprises, Inc is relieved of any duty or liability to withhold any moneys from any and all payments due me

I am a Citizen of the State of Georgia, and of the United States of America  My address, is as stated above and considered to be within the United States of America pursuant to the construction of the Internal Revenue Code and to the best of my knowledge.  I am not a nonresident alien, foreign corporation, officer, director, stockholder or employee of a foreign corporation  Nor am I receiving and/or making payments for a foreign person as a broker and/or

EXHIBIT: B   1 of 12

a nominee

This "Statement of Citizenship and Residence" should be retained in my personnel file to substantiate my legal rights and status under the law, should the IRS ever ask any questions  In addition to this, Caddie Master Enterprises, Inc. might wish to also execute and retain the attached "Affidavit of Request and Transmittal" to evidence that it had complied with the only provision of the Internal Revenue Code regarding my employment (in the Tort sense of the word), and that is, the request for disclosure of a Social Security Number, should any government inquiry occur

This enclosed Statement also plainly sets forth my residence in that I am not working abroad, and therefore the remuneration paid to me as a U.S. Citizen living and working in the U S  is excluded from gross income under § 911 of the Internal Revenue Code, and is therefore not subject to the withholding of the income tax from wages in § 3402, as my remuneration is excepted from the legal definition of "wages" in 26 U.S C. § 3401(a)(8)(a)(i).

A brief explanation regarding Social Security, Chapter 21 of the Internal Revenue Code is the section of law that imposes the Social Security/FICA tax.  This law is dependent upon the legal definition of "wages" for Chapter 21 as set forth in § 3121(a) as related to the Social Security regulations at Title 20 CFR § 404.1041   This law is not applicable to me as I do not have a legally acquired social security number and the remedy for non-reporting is provided under §6051(a)(2), and payment and reporting of "wages" under § 3121(a) and 20 CFR § 404.1041 are plainly dependent upon possession of a number.  There is also the matter of my circumstance in this business relationship not being statutorily subject to the Social Security Act

Finally, this statement and the "Statement of Citizenship and Residence" exceeds the legal requirement of document production by U S  Citizens for the purposes of the J-9 Form, as no requirements can be legally imposed upon me as a United States Citizen who is protected under Title 8 § 1324b(a)(3) and cannot be required to present a social security number card or other documentation, as I am protected from such actions under Title 8 § 1324b(a)(6)

Should Caddie Master Enterprises, Inc. be concerned with the propriety of my documents, please provide a copy of them with its submittal of the I-9 form to the U.S  Department of Justice/Immigration and Naturalization as evidence of its compliance with the letter of the law and good faith notification to the proper authorities of the documents which it is relying upon to prove my citizenship

Should the company be confused as to how to report the remuneration paid to me, please reference 26 U.S.C. § 6051 which only requires the reporting, of "wages" as defined by law, only if deduction and withholding were required by law   This means that the W-2 form is not an appropriate document for the reporting of my remuneration to the IRS as a business expense for

B   2 of 12

Caddie Master Enterprises, Inc   This also effects any concern about withholding and report of "wages" as defined under § 3121(a), as that is required to be reported pursuant to § 6051, but is not applicable as set forth in my "Statement of Citizenship and Residence" as well as my attached Notice.

Since my remuneration can in no way be deemed "wages", to be included in "gross income", nor originating from a taxable source related to U S Citizens, as revealed in my "Statement of Citizenship and Residence", a 1099 form cannot be provided by the company to the IRS either Such a form would constitute a claim of "gross income" being paid

It appears that the only remedy for this matter so that Caddie Master Enterprises, Inc can claim my remuneration paid as a business expense, is to make notation on an attached schedule for Line 27 on the 1120 Corporation Return, setting forth the amount of remuneration paid to me as well as any evidence that it feels would suffice to prove the claim

Should Caddie Master Enterprises, Inc have any documents or legal position disproving my rights as so stated, or giving it any authority to ignore or refute them, please do provide copies and citations of the supporting authorities within 30 days from receipt of this letter.

Thank you for your time and attention to this matter

Sincerely,


Nicholas Jack Brissey


Enclosures   Statement of Citizenship
             Affidavit of Request and Transmittal (example)
             Excerpts from the case of EEOC v. Information Systems Consulting

B 3 of 12

**This**

**STATEMENT OF CITIZENSHIP AND RESIDENCE**

**of**

**Nicholas Jack Brissey**
**302 Cedar Street**
**St. Simons Island, Ga. 31522**

**is presented to:**

**Caddie Master Enterprises, Inc.**
**P.O. Box 160**
**Pinehurst, N.C. 28370-0160**

**I, Nicholas Jack Brissey, am a citizen of the United States and by birth the State of Georgia.** My present home residence is as specifically stated above, within the United States of America and not abroad as defined and delineated within the Internal Revenue Code

This statement is provided to communicate my rights under 3 Separate Acts of the U S Congress·

1. the Income Tax Act;

2 the Social Security Act, and,

3 the Immigration Reform Control Act of 1986

None of which bear any statutory authority to be given to U.S Employers to question, scrutinize, bar, or hinder the assertion of these rights.

This is being done, in order to assert my Rights, that due to the very nature of my Citizenship and Residence in the United States of America, I am not subject to the withholding provisions of the Federal income tax laws (which effect the applicability of the State Income Tax laws also), I am not subject to the enumeration provisions of the Social Security Act (the Congressional enactment of a Treaty entitled the 'International Labor Agreement'), and also not subject to the identification requirements of the Immigration Control Reform Act of 1986 (which institutes the use of the I-9 form)

1. The facts of my Citizenship and Residency within the U S. effect the applicability of the definition of "wages" applicable to U.S. Citizens, as statutorily set forth by the U S. Congress and found to be in concurrence with the rules promulgated by the Secretary of the Treasury

Since my address as shown above is my legal address, is not abroad and thus not outside of the United States of America under the internal revenue laws, the remuneration paid to me by Caddie Master Enterprises, Inc. does not constitute "Wages" as defined in 26 U.S.C. § 3401(a) and cannot be legally withheld from me under any federal income tax law including § 3402

My remuneration, paid by Caddie Master Enterprises, Inc., is excluded from gross income under § 911 of the Internal Revenue Code (entitled "CITIZENS OR RESIDENTS OF THE UNITED

B  4 of 12

STATES LIVING ABROAD"), as I am not living abroad to have it so included in gross income in this law. Therefore my remuneration is not defined as "Wages" as defined in 26 U S C. §3401(a)(8)(A)(i)·

**Sec. 3401. Definitions**

**(a) Wages**

For purposes of this chapter, the term "wages" means all remuneration (other than fees paid to a public official) for services performed by an employee for his employer, including the cash value of all remuneration (including benefits) paid in any medium other than cash; **except that such term shall not include remuneration paid--**

**(8)(A) for services for an employer (other than the United States or any agency thereof)--**

**(i) performed by a citizen of the United States if, at the time of the payment of such remuneration, it is reasonable to believe** that such remuneration will be excluded from gross income under section 911; .

to then be subject to withholding under 26 U S C. § 3402

In light of the admission by the Secretary of the Treasury, that the only income of U.S. Citizens stated as not exempt, is income included in gross income under § 911 as set forth in 26 CFR §1.861-8T(d)(2)(iii)(D)

**(iii) Income that is not considered tax exempt.**

***The following items are not considered to be exempt, eliminated, or excluded income* and,** thus, may have expenses, losses, or other deductions allocated and apportioned to them:

(A) In the case of a foreign taxpayer (including a foreign sales corporation (FSC)) computing its effectively connected income, gross income (whether domestic or foreign source) which is not effectively connected to the conduct of a United States trade or business;

(B) In computing the combined taxable income of a DISC or FSC and its related supplier, the gross income of a DICS or a FSC;

(C) For all purposes under subchapter N of the Code, including the computation of combined taxable income of a possessions corporation and its affiliates under section 936(h), the gross income of a possessions corporation for which a credit is allowed under section 936(a); and

**(D) Foreign earned income as defined in section 911** and the regulations thereunder (however, the rules of section 1.911-6 do not require the allocation and apportionment of certain deductions, including home mortgage interest, to foreign earned income for purposes of determining the deductions disallowed under section 911(d)(6)).

the remuneration paid to me can not be legally withheld pursuant to § 3402, as it:

B 5 of 12

a ) does not legally constitute "wages" under § 3401(a), and

b ) it does not legally constitute "gross income" pursuant to the regulations promulgated by the Secretary of the Treasury and the specifically cited § 911, identifying the only time U S Citizens have taxable income from U S sources

The W-4 and G-4 forms do not apply to me and are not effective against my remuneration as my remuneration is not defined as "wages" under either the social security or income tax laws  The words in the laws, not these forms, create the statutory liability and applicability, as the forms are only applicable to "wages" as defined under 26 U S C. § 3401(a).

With this position now made clear, Caddie Master Enterprises, Inc.'s liability for any withholdings from my remuneration can be waived pursuant to 26 U S C  § 3403, as no "wages" are made by me to be subject to withholdings

**2.** Being that I am a U.S. Citizen, and living and working within the U S , I cannot be made subject to the Treaty known as the 'International Labor Agreement', codified by the Social Security Act, as I am not living abroad

I have no knowledge that my relationship with Caddie Master Enterprises, Inc  falls within the purview of the 'International Labor Agreement' to then come under the Federal regulation via the Social Security Act, to then make me subject to identification and taxation pursuant to the Social Security Act

Also, I have never made a voluntary application for a Social Security Number to therefore be defined as an "employee" under the Social Security Act to therefore earn "wages" as defined in the Social Security Act and 26 U S.C  § 3121(a) to then have any portion of my remuneration subject to taxation under the Social Security Act.

It is within my right as a U.S  Citizen to not be assigned such a number against my will as the only number assignment provision applicable to U S  Citizens within the several States is voluntary, by application, at Title 42 § 405(c)(2)(B)(II):

"In carrying out his duties under subparagraph (A), The Secretary shall take affirmative measures to assure that social security account numbers will . . . be assigned to all members of appropriate groups or categories of individuals by assigning such numbers...

(I) **to aliens** at the time of their lawful admission to the United States  . ,

**(II) to any individual who is an applicant** for or recipient of benefits under any program financed in whole or in part from Federal funds including any child on whose behalf such benefits are claimed by another person;"

And this limitation of power as revealed by the present day standing statute was forced upon the Congress, as it had just previously failed to pass a prior compulsory benefits program by the scrutiny of the U S. Supreme Court·

"The catalogue of means and actions which might be imposed upon an employer in any business,

B  6 of 12

tending to the satisfaction and comfort of his employees, seems endless **Provision for free medical attendance, nursing, clothing, food, housing, and education of children, and a hundred other matters might with equal propriety be proposed as tending to relieve the employee of mental strain and worry. Can it fairly be said that the power of Congress to** regulate interstate commerce **extends to the prescription of any or all of these things?** It is not apparent that they are really and essentially related solely to the social welfare of the worker, and therefore remote from any regulation of commerce as such? **We think the answer is plain. These matters obviously lie outside the orbit of congressional power."**

**Railroad Retirement Board v. Alton Railroad Co.,**
295 U.S. 330, 55 S. Ct  758 (1935)

It must be noted at this time that the Federal government has stated in the Public record in the case of **EEOC v. Information Systems Consulting, CA3-92-0169-T, IN THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION,** that:  "  .the Internal Revenue Code and the Regulations promulgated pursuant to the code **do not** contain an absolute requirement that an employer provide an employee's social security number..."

Therefore, as a U.S. Citizen  not required to have a number (and Caddie Master Enterprises, Inc not being required to obtain a number, but only request one), my remuneration does not and cannot constitute "wages", as defined in 20 CFR § 404 1041 and/or 26 U.S C. § 3121(a), until I make a voluntary choice that it does; and it does not, as I do not choose to subject myself and my property to the provisions of the Social Security laws at this time.

**3.** Additionally, this statement is provided in compliance with my Rights under Federal Immigration laws which reveal that authorization to work within the U.S. does not apply to U.S. Citizens in that, pursuant to Title 8 1324a(a)(3), U.S. Citizens are "protected individuals" under the 'Immigration Reform Control Act', and as a "protected individual" I cannot be required to provide any of the specific documents under Federal law (I-9), at 8 U.S.C  § 1324a, in order to be allowed to work in the U.S   One possible reason for this is that the 'Immigration Reform Control Act' does not apply to U.S. Citizens, and the other is that there are no State or Federal Laws which require a U S. Citizen to obtain or possess any of the specified documents in Title 8 §1324a, just for the purpose of working in the United States

Title 8 § 1324a, also prohibits an employer from requesting any specific documents from or refusing to honor genuine documents presented by protected individuals. § 1324b(a)(6) specifically states in its regulations at 28 CFR § 44.200(a)(3) Documentation Abuses·

(3) Documentation abuses. A person's or other entity's request, for purposes of satisfying the requirements of 8 U.S.C. 1324a(b), for more or different documents than are required under such section or refusing to honor documents tendered that on their face reasonably appear to be genuine and to relate to the individual shall be treated as an unfair immigration-related employment practice relating to the hiring of individuals

Pursuant to the laws enforced by the U.S  Department of Justice, Civil Rights Division and Special Counsel, an employer is required to honor any "documents that appear to be genuine upon

B  7 of 12

their face," when presented by an individual who is protected under the laws that they enforce

This Statement of "U S Citizenship and Residence" is signed and Notarized as a genuine document, verifying my protected status and rights as a U S Citizen to work in the United States and that all remuneration paid to me is not included in gross income under § 911 of the Internal Revenue Code to thus be subject to income tax withholdings pursuant to 26 U S C § 3402, and that I am not a person subject to the Social Security Act to be subject to withholdings under that Act and Chapter 21 of the Internal Revenue Code

These are my Rights as a U S. Citizen that I seek to assert and have provided at this time from this day forward

Under penalty of perjury, I assever that the above is true, correct and complete, to the best of my knowledge, information and belief

_____                    _____
Thomas E. Brissey/ Father of Minor Son                         Nicholas Jack Brissey


Subscribed and sworn to before me, a Notary Public, for the State of Georgia, County of Glynn, this  12th day of February, 2001.


_____
Notary Public

My Commission Expires On: _____


B  8 of 12

## AFFIDAVIT OF REQUEST AND TRANSMITTAL

I, _____, of Caddie Master Enterprises, Inc , do hereby declare that on the _____ day

of _____, 2001, Nicholas Jack Brissey, informed us by Statement of Citizenship and

Residence effective under , 26 U S C  § 3401, 20 CFR § 404 1041, and 8 U.S.C  § 1324(a) and (b),

that he never made any informed and consenting agreement with the Social Security Administration,

as he never made a lawfully valid application to be assigned such a number, and he is not subject to

the law requiring the assignment of a social security number nor required to possess a Social Security

Number Card, since he is a U.S. Citizen.

Nicholas Jack Brissey has indicated that it is his Right to not be identified by a social security number

and does not legally have one to disclose, since he does not have a social security number that was

lawfully assigned to him.  It is also confirmed by the U.S. Supreme Court in the case of Railroad

Retirement Board v. Alton Railroad Co., 295 U.S. 330, 55 S  Ct. 758 (1935), that U.S. Citizens

cannot be compelled to register in and subsequently participate in government entitlement programs,

as the authority to require such from Citizens is a power which "obviously lie(s) outside the orbit of

congressional power " and the federal government has stated in the case of EEOC v. Information

Systems Consulting, CA3-92-0169-T, IN THE UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, that:  "...the Internal Revenue Code

and the Regulations promulgated pursuant to the code do not contain an absolute requirement that

an employer provide an employee social security number.. "

This action on our part meets all known requirements, specifically those described in

26 CFR §301 6109-1(c)

B   9 of 12

" . When the person filing the return, statement, or other document does not know the number of the other person, and has complied with the request provision of this paragraph he shall sign an affidavit on the transmittal document forwarding such returns, statements, or other documents to the Internal Revenue Service, so stating  "

In light of the fact that there are no forms or documents to be returned to the IRS by Caddie Master Enterprises, Inc. regarding Nicholas Brissey, as he has not been paid any "wages" as defined under 26 U.S.C. § 3101 or 3402 due to his U.S. Citizenship, Caddie Master Enterprises, Inc. has attached this affidavit to his personnel file as evidence of our effort to comply with the request provision of 26 CFR § 301 6109-1. Seeing that no forms or returns were required to be submitted, Caddie Master Enterprises, Inc. could not submit it to accompany any forms/schedules regarding Nicholas Brissey.

Any further requests in this regard, as well as any potential penalties for the non-disclosure of the Social Security Number should be directed to Nicholas Brissey pursuant to § 301.6724-1(a)(4)(c).


_____

(employer/paymaster)


Subscribed and sworn to before me, a Notary Public, of the State of Georgia, County of Glynn, this

_____ day of _____, 2001, that the above named person did appear before me and was identified to be the person executing this document.


_____

Notary Public

My Commission Expires On _____

B  10 of 12

**EXCERPTS FROM**

<u>EEOC v. Information Systems Consulting</u>

CA3-92-0169-T

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

1  From the EEOC's Letter of Determination, Dated May 2, 1990 (p 2)

The evidence supports the charge that there is a violation of Title VII of the 1964 Civil Rights Act, as amended, . . Section 706(b) of Title VII requires that if the Commission determines there is a reasonable cause to believe that the charge is true, it shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Having determined there is reasonable cause to believe the charge is true, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter

2. From the Affidavit of Tim Fitzpatrick, September 29, 1989 (p.3)

After discussions with the IRS, the company discovered that if Mr Hanson did not provide the company with a Social Security Number, the company would be in violation of the Internal Revenue Regulations and subject to various penalties.

3. From the Plaintiff's Response to Defendant's Motion to Dismiss, April 1, 1992

(pp. 8-9):

". .the Internal Revenue Code and the Regulations promulgated pursuant to the code do not contain an absolute requirement that an employer provide an employee social security number to the IRS Internal Revenue Code Section 6109(a)(3) states:

Any person required under the authority of this title to make a return, statement or other document with respect to another person, shall request from such person, and shall include in any such return, statement, or document, such identifying number as may be prescribed for securing proper identification of such other person.

26 U S.C  § 6109(a)(3) (Supp.1992)"

"The IRS regulation interpreting section 6109 provides:

If he does not know the taxpayer identifying number of the other person, he shall request such number of the other person. A request should state that the identifying number is required to be furnished under the law  When the person filing the return, statement, or other document does not know the number of the other person, and has complied with the request provision of this paragraph, he shall sign an affidavit on the transmittal document forwarding such returns, statements, or other documents to the Internal Revenue Service so stating  (emphasis added)

Treas. Reg. § 301.6109-1(c) (1991) "

"The applicable IRS statute and regulation place a duty on the employer to request a taxpayer identifying number from the employee  If document must be filed and the employer has been unable to obtain the number but has made the request then the employer need only include an

B  11 of 12

affidavit stating the request was made "

The Government also avers that

"In 1989, Internal Revenue Code Section 6676, 26 U S C § 6676 (1989), set forth the penalties for failing to supply the IRS with identifying numbers as required by the code  a $50 00 penalty will be imposed for failure of an employer to provide an identifying number on any document filed with the IRS **unless** it is shown that the **failure was due to reasonable cause** and not willful neglect  The Treasury Regulation Interpreting the Statute states

Under Section 301.6109-1(c) a payor is required to request the identifying number of the payee. **If after such a request has been made, the payee does not furnish the payor with his identifying number, the penalty will not be assessed against the payor**  (emphasis added)

Treas  Reg  § 3106676-1 (sic)(1989) "

"Public Law 101-239, Title VII, Section 7711(b)(1), Dec. 19, 1989, 103 Stat  2393, repealed Section 6676 of the Internal Revenue Code, 26 U S.C. § 6723 (Supp  1992) has governed the failure to comply with information reporting requirement.  However, Internal Revenue Code Section 6724, 26 U.S.C. § 6724 (Supp  1992), provides for a waiver of any penalties assessed under the code upon a showing of reasonable cause  Section 6724(a) provides:

No penalty shall be imposed under this part with respect to any failure if it is shown that such failure is due to reasonable cause and not willful neglect.

26 U.S C. § 6724(a) (Supp  1992) "


4  From the Consent Decree, dated November 4, 1992 (p 4):

The defendant . . . **shall be permanently enjoined from terminating an employee or refusing to hire an individual for failure to provide a social security number**     If an employee or applicant for employment advises the defendant that he does not have a social security number  . .,  the defendant shall request, pursuant to Section 6724 of the Internal Revenue Service Code {sic}, 26 U S C  § 6724, a waiver of any penalties that may be imposed for failing to include an employee's social security number on forms and documents submitted to the IRS

B  12 of 12

1   Nicholas Brissey
    Thomas Brissey, father of minor son,
2   c/o 112 N. Harrington Road
    St Simons Island, Ga. 31522
3   (912) 638-0524

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
5
## BRUNSWICK DIVISION

6

7   Nicholas Brissey, by and through )
    Thomas Brissey, parent and next friend, )      CASE NO CV
                               )
8             Plaintiff, )
                               )
9       vs )
                               )
10  CADDIE MASTER ENTERPRISES, INC , )
    trading and doing business as, )
11  CADDIE MASTER AT SEA ISLAND, LLC )
                               )
12          Defendant. )

13

## BRIEF IN SUPPORT OF VERIFIED COMPLAINT

14

15       COMES NOW, Plaintiff, Nicholas Brissey, a minor, suing by and through, Thomas

16 Brissey, his father and next friend, in the above captioned case, to give this honorable Court a

Brief in Support and Statutory Appendix of the verified complaint, to wit.
17

## ISSUES BEFORE THIS COURT
18

19       1  The question before this honorable Court; Is a person and/or an employee required by

20 law to have a Social Security number to work? 2  Is it mandated by law to participate in

government welfare programs, known as Social Security and similarly associated Acts, without
21

22 participation by an expressed voluntary act?  3  Is it mandated by law to fund government

welfare programs, known as Social Security and similarly associated Acts, without participation
23

24 by an expressed voluntary act?  To all three, the Court must find the answers to be NO

## ISSUE ONE
25

26       In reference to the first issue before this honorable Court, the Supreme Court, in its

decision, dealing with the mandatory participation of railroad workers in a similar benefit scheme,
27

28 prior to the Social Security Act, held

1    "The catalogue of means and actions which might be imposed upon an employer in any
     business, tending to the satisfaction and comfort of his employees, seems endless.
2    Provision for free medical attendance, nursing, clothing, food, housing, and education of
     children, and a hundred other matters might with equal propriety be proposed as tending
3    to relieve the employee of mental strain and worry  **Can it fairly be said that the power
     of Congress to regulate interstate commerce extends to the prescription of any or all**
4    **of these things? It is not apparent that they are really and essentially related solely
     to the social welfare of the worker, and therefore remote from any regulation of**
5    **commerce as such? We think the answer is plain. These matters obviously lie outside
     the orbit of congressional power** "  Railroad Retirement Board v. Alton Railroad Co.,
6    295 U.S  330, 55 S Ct  758 (1935) (emphasis mine)

7    Furthermore, because of the obvious holding by the Supreme Court, Title 42 U S.C., §

8    405(c)(2)(B)(II), as it relates to Citizens and their participation in Social Security, the statute

9    states:

10   "to any individual who is an **applicant for** or recipient of benefits under any program
     financed in whole or in part from Federal funds including any child on whose behalf such
11   benefits are claimed by another person" (emphasis mine)

12   This clearly indicates that this program is **voluntary** for Citizens  The Federal Social

13   Security Act (Pub. Law 74-271, August 14, 1935, 49 Stat. 620, as amended) is codified at 42

14   U.S C. §§ 301 et seq  There is no language in the act stating a requirement that every American

15   must have a Social Security number or even participate in the program other than by application

16   Furthermore,  there is no section therein which could remotely be considered as a mandate that

17   every individual must have a Social Security number in order to work to make a living

18   Additionally, the Code of Federal Regulations for Social Security at 20 CFR § 404 1002 plainly

19   states that the definition's applicability is only to those who are under the Social Security Act, as

20   these legal terms are highly dependent upon the legal term "You" and "your"

21   § 404.1002 Definitions.
     (a) *General definitions*. As used in this subpart --
22   The *Act* means the Social Security Act, as amended.  The *Code* means the Internal
     Revenue Code of 1954, as amended.   *We*, *our*, or *us* means the Social Security
23   Administration  *You* or *your* **means any person** whose earnings from employment or self
     employment are included or **excluded under social security**.  (emphasis mine)
24

25   Since Plaintiff does not participate in Social Security nor wishes any benefits from this

26   voluntary program, he has not elected to call his remuneration "wages," which the Secretary has

27   provided for, by statute, pursuant to Title 26 U S C  § 3402(p)(2) (See Appendix)   This has been

28   evidenced by Plaintiff's refusal, rather than failure, to enter into an agreement with Defendant

1   through the signing of a W-4, Withholding Allowance Certificate, and thus, Plaintiff's

2   remuneration would be **excluded** as stated above

3        Defendant has never supplied to the Plaintiff any Federal or State statutes empowering

4   them to prejudice and/or ignore any Citizen of the United States of America's right to <u>not be</u>

5   <u>subject to</u> the Social Security or the Federal Insurance Contribution Acts, nor for them to assume

6   that a working Citizen of the United States of America is subject to the Social Security Act or the

7   *Federal Insurance Contributions Act, outside of his own informed consent, through a voluntary*

8   *application made by him, as a legal adult, under the law.*

9        Defendant has arbitrarily cited statutes which he claims allegedly requires Defendant to

10  withhold, but refuses to understand that Defendant's cites are correct for those, <u>and only those,</u>

11  participating in Social Security.  The Defendant's actions are tantamount to forcing a boy to pay

12  *dues to the Boy Scouts, an organization that he* **may** *join, but must do so by,* **application**  Please

13  see Title 42 U S.C , § 405(c)(2)(B)(i)(II), supra

14       Furthermore, Title 26 U.S.C , § 3406 can not apply to the Plaintiff, as argued in

15  correspondence by Defendant, because Plaintiff did not **fail** to submit a W-4 Withholding

16  Allowance, but rather, chose **not** to, as it <u>does not apply to him</u>, in the instant case  Please see the

17  definition of "fail" in the Appendix, which is attached and incorporated herein by reference

18       Defendant has cited <u>Burda v. M. Ecker Company</u>, 954 F.2d 434, 437 (7th Cir  1992) in

19  correspondence stating 'that if their withholding was improper "it may not recover against the

20  employer", but must instead raise that claim with the federal government.'  This would be correct

21  if the withholding was improper or should there be a question as to the constitutionality of the

22  statute   The same logic was used by Defendant when they cited <u>Northrup v  Whetstone</u>, 18 F

23  Supp. 2d 1071, 1072 (W.D.N C. 1998)   However, in the instant case, Plaintiff has absolutely no

24  argument with <u>any</u> of the statutes in Title 26 U.S.C., but with no signed W-4 or G-4 Withholding

25  Certificate Allowances in their possession, their withholding is not improper, but unlawful

26       Defendant, through correspondence and telephone conversations, contends Title 26

27  U S C ,  § 3402(a)(1) controls the earnings withholding under consideration.  "Every employer

28  making payment of wages shall deduct and withhold upon wages a tax determined in accordance

1    with tables or computational procedures prescribed by the Secretary."   No part of 3402(a)(1)

2    <u>imposes</u> a tax on anyone or anything.  Neither the employer nor the Secretary has the authority to

3    determine who would be subject to a tax   The Secretary does have, however, authority to

4    prescribe tables and computational procedures which would apply to the withholding from one

5    who <u>is subject</u> to the tax, which is the major import of the rest of the section cited by Defendant

6    Who would be subject to the tax?  Section 3402(a)(1) is found in chapter 24 of the Code   The

7    latter part, under 3402(a)(1)(B), clearly states that the withholding must    .  reflect the provisions

8    *of chapter 1 [of the Code]* .

9           *Chapter 1 of the Code, is the part of  Title 26 U.S.C. that involves the so-called "income"*

10   *tax.  The tax is not imposed in chapter 24.*  It is imposed, however, in Section 1 of Chapter 1 of

11   Subtitle A   Withholding from an individual could only reflect the provisions of Section 1 of the

12   Code if the individual is subject to a revenue tax, (or voluntarily agreeing in advance to pay part

13   of his state's share of an alleged tax prior to federal collection).  The Defendant, however, has no

14   authority to draw this conclusion unless that authority has been given by consent through the use

15   of a signed W-4 or G-4 respectively   Please see Title 26, Code of Federal Regulations 31.3402(p)

16   in its entirety and (a)(B)1(ii)(c) specifically on this point at number 12 in the Appendix attached

17   and incorporated herein

18         If Defendant has, as it has been alluded to, an IRS order or directive that bears on this, it

19   should have been brought forward prior to this suit   Plaintiff's father has seen these purported

20   orders before. They address withholding for one who has a Withholding Certificate on file

21   Plaintiff has never filed any wage Withholding Certificates, which of course distinguishes this case

22   from any cited in previously seen "orders"  Plaintiff  has never voluntarily entered into a wage

23   withholding agreement with the Defendant, and the IRS must know this as is evidenced by the

24   Defendant's insistence on the Plaintiff signing a W-4 and G-4 in order to get at Plaintiff's

25   remuneration   Nothing in the Code or regulations requires an employee to furnish a wage

26   withholding certificate   Title 26 U S C., § 3402(f)(1)(A-E) says only that an employee must

27   furnish a certificate to claim <u>exemptions</u>  If an employee does not participate in Social Security,

28   he would have no need or requirement to furnish a Withholding Certificate

1   The rest of the Code and regulation sections cited by Defendant in his correspondence and

2 telephone conversations are the result of similar misconstructions of the law, which are the direct

3 result of a failure to carefully read the Code.

4   Again, the Defendant has no authority to make the determination if an employee chooses

5 *not to submit*, as opposed to **fails** to submit, a wage Withholding Certificate  The employer is not

6 authorized to determine if the employee has "failed "  The IRS' "order," or "direction" if either

7 exists, must be disclosed to reveal what, if any, determination, or calculated disinformation, has

8 been issued on this point.  Regulations obviously cannot expand the statute, but when read with a

9 *careful and practiced eye, they do not authorize the withholding Defendant alleges it is authorized*

10 to take (and hold on to, and collect interest on)

11   The employer is the "taxpayer" under these statutes·

12 **Sec. 31.3402(f)(2)-1 Withholding exemption certificates.**
   (a) *On commencement of employment*

13   (b) The employer is required to **request** a withholding exemption certificate from each
   employee, but **if** the employee **fails** to furnish such certificate, such employee shall be

14   considered as a single person claiming no withholding exemptions.  *26 CFR 31.3402(f)(2)-*
   *1(a)*. (In part  Emphasis added )

15

16   First, the above regulation tells the employer to **request** a certificate  One cannot **fail** to

 do something if he is not required to do the thing in the first place  Nor does the regulation
17

 authorize the employer to make the determination that the employee has "failed" to supply a
18

 certificate, or that it is the employer (as opposed to the government) which will issue a
19

 determination that there has been a failure to furnish and the employee is to be considered as a
20

 single person claiming no exemptions.  Additionally, a regulation cannot legally go beyond the
21

 scope of the statute   The statute, Title 26 U.S.C , § 3402(f)(2)(A), applies only to those who are
22

 claiming exemptions or allowances under that law.  The Defendant has no authority to determine
23

 who is or who is not subject to a revenue law as it is ultimately the Plaintiff's  Defendant has
24

 offered no case law to show that it has such authority.
25

26   Defendant has failed to show wage withholding is required under 26 U S.C  § 3402 where

 Plaintiff had **no** valid wage Withholding Certificate in effect.  Defendant is therefore **not** entitled
27

 to immunity under 26 U.S.C  § 3403
28

1      Defendant can not prove the existence of such certificate and therefore is not entitled to

2  his actions.  Defendant has presented no case law authority to Plaintiff for Defendant's

3  contention that Defendant was required to withhold from Plaintiff's wages under 26 U S C. §

4  3402(a)(1), and acknowledges that no regulation so requires, not that a regulation could, when no

5  signed wage withholding certificate is in effect as in the instant case  "Liability for taxes must

6  clearly appear " Miller v Standard Nut Margarine, 284 U S. 498, 508 (1932).

7      Plaintiff is admittedly due funds now in excess of $2,300 under his employment agreement

8  with Defendant  Defendant has failed to demonstrate immunity under either 26 U S C. § 6332(e)

9  and 26 U S C., § 3402(1)(a).

10 .     In light of this, all remuneration withheld from Plaintiff under the misapplication of 26

11  U.S C., §3121, § 3402 and § 3406(a)(1)(A), must be returned to Plaintiff

12      Furthermore, read directly from Georgia Statutes at OCGA:

13      § 48-7-27, Computation of taxable net income

14      "(a) Georgia **taxable net income** of an individual **shall be** the taxpayer's **federal

15      adjusted gross income**, as defined in the United States Internal Revenue Code of 1986,
less " (emphasis mine)

16      It must be plain from the statutes referred to supra,  the Defendant does not have the

17  authority to determine if the Plaintiff is making "gross income", as defined by statutes in Title 26

18  U S.C , Internal Revenue Code of 1986, and so having no authority to determine federal income

19  tax liability, can not have the authority to determine a liability to the state of Georgia to be

20  withheld from   This was made abundantly clear to the Defendant, but was ignored.

21      Defendant, CADDIE MASTER ENTERPRISES, INC., has been adamant, about

22  withholding these various taxes from the nominal amount of remuneration being paid to the

23  Plaintiff by the Defendant, yet Defendant demands nothing, and in fact, requires, that each caddie

24  handle the reporting of their tips, the substantial amount of remuneration for their work, on their

25  own, to the Internal Revenue Service, for any liabilities they may have

26      Instead of reading the law and abiding by what is clearly written, Defendant, CADDIE

27  MASTER ENTERPRISES, INC., has chosen to rely on a false public belief system and continued

28  misdirection by government employees, known to give faulty advice and will not testify to support

1   the actions of the Defendant, who continues to withhold monies unlawfully  It should be noted

2   that by Defendant's possession, the Defendant is benefitting by this unlawful act, a clear violation

3   of Georgia State law at O C G A  § 16-8-2 and § 16-8-4

4        It has been, and always will be, the will of the Plaintiff,  to comply with all applicable tax

5   laws, and that his Asseveration provided to CADDIE MASTER ENTERPRISES, INC , is further

6   evidence of this position, in good faith and reasonable cause, pursuant to the prior actions and

7   admissions of the IRS, as well as under the letter of the law at Title 26 U S C , § 3121(a) and

8   § 3401(a).

9        For the aforementioned, this honorable Court must rule that CADDIE MASTER

10  ENTERPRISES, INC , is misapplying the written law, as it applies to the Plaintiff, and stop the

11  unlawful withholding practices against the Plaintiff  This honorable Court must declare that there

12  is no requirement for Citizens of the United States of America to participate in the voluntary

13  welfare and insurance programs known as Social Security Act and the Federal Insurance

14  Contributions Act, respectively, other than by and through voluntary application.  Furthermore,

15  when not participating, money may not be forcibly taken to be donated to said programs  To do

16  otherwise would violate Amendment 5 of the Constitution's prohibition against the taking of

17  property without due process and numerous stare decsis of the Supreme Court  The Defendant

18  must allow the Plaintiff, a Citizen, the responsibility to determine his own tax liabilities and act

19  accordingly.

20                              **CONCLUSION**

21        1. Plaintiff is a Citizen and does not participate in Social Security by application.

22        2  Plaintiff, as any Citizen, is the sole determinate of his Federal and State tax liability.

23        3. Defendant has misread the law and does not have the authority to withhold monies

24            from Plaintiff, without signed Withholding Allowance Certificates (W-4, G-4).

25        Respectfully Submitted this 22nd day of January, 2002

26                          Nicholas Brissey, Plaintiff,
                               by and through,

27

28                       Thomas Brissey, father and next friend

1 Nicholas Brissey
Thomas Brissey, father of minor son,
2 c/o 112 N. Harrington Road
St Simons Island, Ga. 31522
3 (912) 638-0524

4 **IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
5 **BRUNSWICK DIVISION**

6

Nicholas Brissey, by and through               )
7 *Thomas Brissey, parent and next friend,*      )          CASE NO. CV
                                                )
8                          *Plaintiff,*          )
                                                )
9              vs                                )
                                                )
10 CADDIE MASTER ENTERPRISES, INC ,             )
trading and doing business as,                  )
11 CADDIE MASTER AT SEA ISLAND, LLC            )
                                                )
12                       Defendant               )

13

14                         **APPENDIX**

15       This honorable Court is asked to take Judicial Notice of the following:

16            **Definitions, Cases, Statutes and Regulations**

17

18                         **DEFINITIONS**

19 <u>Common everyday usage</u> definitions from Webster's Dictionary:

20          1  employer- n. to give occupation to; to hire or engage

21          2  employee- n  one who is employed for a wage or salary.

22          3. wages- n.  payment paid for labor or work done; hire, reward

23          4  work- n. effort directed to an end; employment; toil,

24 Black's Law Dictionary, 1st Edition:

25          1. Fail-The difference between "fail" and "refuse" is that the latter involves an act of will,

26 while the former may be an act of inventable necessity. 9 Wheat. 344.

27 <u>Legal  Definitions</u> taken from Statute·

28          1. **Employment-Title 20 Code of Federal Regulations, § 404.1003- <u>Employment</u>**
**<u>means</u>**, generally, any **service <u>covered</u> by social security** performed by an employee for his or
her employer. (emphasis mine)

1

      **2  Employer- Title 20 Code of Federal Regulations, § 404.1009**-A person is an
2  employer if he or she employs at least one employee.

3         **3. Employee- Title 20 Code of Federal Regulations, § 404.1005 - You must be an
employee for your work to be <u>covered as employment for social security purposes</u>** (emphasis
4  mine)

5         **4. Wages- Title 20 Code of Federal Regulations, § 404.1041-(a)**  The term wages
means remuneration paid to you as an employee for employment **unless specifically excluded**.
6  Wages are **counted in determining your entitlement to retirement, survivors', and disability
insurance benefits**; (emphasis mine)
7
and from,
8

      **Wages-Title 26 U.S.C., § 3401(a)**  For purposes of this chapter, the term "wages" means
9  all remuneration (other than fees paid to a public official) for services performed by an employee
for his employer, including the cash value of all remuneration (including benefits) paid in any
10  medium other than cash, **except** that such term **shall not include** remuneration paid-**(8)(A)** for
services for an employer (other than the United States or any agency thereof)-*(i)* **performed by a
11  citizen of the United States** if, at the time of the payment of such remuneration, <u>it is reasonable
to believe that such remuneration will be excluded from gross income under section 911,</u>
12  (emphasis mine)

13         **5. What work is covered as employment-Title 20 Code of Federal Regulations,
§404.1004(a)**-General requirements of employment  **<u>Unless otherwise excluded</u>** .., the work you
14  perform as an employee for your employer **is covered as employment under social security** if
one of the following situations applies
15      1. You perform the work within the **United States**..
        2. You perform the work outside the **United States** and you are a **citizen** or resident
16  (emphasis mine)

17

### <u>CASES</u>

18

19      1  **<u>United States v. Lexington Mill & E. Co.</u>,** 232 US 399, pp 409 (1914)

20  which in pertinent part reads.

21      "**We are <u>not</u> at liberty to** construe any statute so as to **deny effect to any** part of its
language.  It is a cardinal rule of statutory construction that significance and effect shall, if
22  possible, be accorded to every **word**.  As early as in Bacon's Abridgment, § 2, it was said that 'a
statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence,
23  **or word, shall be superfluous, void, or insignificant**.' This rule has been repeated innumerable
times " Justice Strong  (emphasis mine)
24

25      2. **<u>Gould v. Gould</u>**, 245 US 151

26  which in pertinent part reads·

      "In the interpretation of statutes levying taxes, **it is the established rule not to extend
27  their provisions by implication beyond the clear import of the <u>language</u> used, or to enlarge
their operation so as to embrace matters not specifically pointed out  <u>In case of doubt, they</u>
28  <u>are construed most strongly against the government and in favor of the citizen</u>** " (emphasis mine)

Page 2 of 8

1        3  **Hassett v. Welch**., 303 US 303, pp. 314-315, 82 L Ed 858. (1938)

2  which in pertinent part reads

3       "In view of other settled rules of statutory construction, which teach that a law is presumed, in the absence of clear expression to the contrary, to operate prospectively; that, **if**
4  **doubt exists as to the construction of a taxing statute, the doubt should be resolved in favor of the taxpayer**..." (emphasis mine)

5       4  **Economy Plumbing and Heating v. U.S.**, 470 F 2d 585, at 589 (1972)·

6  which in pertinent part states·

7

8       "The revenue laws are a code or system in regulation of tax assessment and collection They relate to **TAXPAYERS, AND NOT TO NONTAXPAYERS**. The latter are without their scope. **NO PROCEDURE IS PRESCRIBED FOR NONTAXPAYERS**,
9  and **NO** attempt is made to ANNUL any of their **RIGHTS** and remedies in due course of law With them Congress does not assume to deal, and they are neither of the **SUBJECT**
10  nor of the **OBJECT** of the revenue laws " (emphasis mine)

11       5  **Railroad Retirement Board v. Alton Railroad Co.**, 295 U.S. 330, 55 S Ct 758
12  (1935)

13  which in pertinent part reads:

14       "The catalogue of means and actions which might be imposed upon an employer in any business, tending to the satisfaction and comfort of his employees, seems endless Provision for
15  free medical attendance, nursing, clothing, food, housing, and education of children, and a hundred other matters might with equal propriety be proposed as tending to relieve the employee
16  of mental strain and worry Can it fairly be said that the power of Congress to regulate interstate commerce extends to the prescription of any or all of these things? It is not apparent that they are
17  really and essentially related solely to the social welfare of the worker, and therefore remote from any regulation of commerce as such? We think the answer is plain **These matters obviously lie outside the orbit of congressional power**." Railroad Retirement Board v. Alton Railroad Co.,
18  295 U.S 330, 55 S Ct. 758 (1935) (emphasis mine)

19       6  **EEOC v. Information Systems Consulting, CA3-92-0169-T**

20   which in pertinent part reads.

21       "The IRS regulation interpreting section 6109 provides If he does not know the taxpayer identifying number of the other person, he shall request such number of the other person. A
22  request should state that the identifying number is required to be furnished under the law. When the person filing the return, statement, or other document does not know the number of the other
23  person, and has complied with the request provision of this paragraph, **he shall sign an affidavit on the transmittal document** forwarding such returns, statements, or other documents to the
24  Internal Revenue Service so stating (emphasis mine) Treas Reg § 301 6109-1(c) (1991) "

25              **STATUTES AND REGULATIONS**

26     1. **Title 42 U.S.C., § 405(c)(2)(B)(i)(II)**

27  pertinent part states

28       "to any individual who is an **applicant** for or recipient of benefits under any program

1  financed in whole or in part from Federal funds including any child on whose behalf such benefits
2  are claimed by another person;" (emphasis mine)

    **2  Title 20, Code of Federal Regulations, § 404.1002**
3
  which in pertinent part reads.
4
    "(a) General definitions  As used in this subpart The Act means the Social Security Act, as
5  amended   The Code means the Internal Revenue Code of 1954, as amended.
    We, our, or us means the Social Security Administration.
6      <u>You</u> or <u>your</u> *means any person whose earnings from employment or self-employment are*
    <u>*included or* **excluded** *under social security*</u> " (emphasis mine)
7

8      *3.* **Title 20, Code of Federal Regulations, § 404.1005**

9  which in pertinent part reads:

10      "You must be an **employee** for your work to be **covered** as employment **for social**
  **security purposes.**" (emphasis mine)
11

12      **4.  Title 20, Code of Federal Regulations,  § 404.1041**

13  which in pertinent part reads.

14      "(a)    The term wages means remuneration paid to you as an employee for employment
**unless specifically excluded**. *Wages are counted in determining your entitlement to retirement,*
15  *survivors', and disability insurance benefits.*" (emphasis mine)

16      *5*  **Title 26, U.S.C., § 3101** Federal Insurance Contributions Act,

17  from Law Desk interpretive notes·

18      "Two essential conditions precedent for valid levy of federal insurance contribution taxes
are relationship of **employer** and **employee** and payment of **wages** by employer to employee."
19  <u>Magruder v Yellow Cab Co.</u> (1944, CA4 Md) 141 F2d 324, 32 AFTR 376, 152 ALR 516
(emphasis mine)
20
    *6*  **Title 26, U.S.C., § 3121**
21
  which in pertinent part reads:
22
    (a) Wages. For purposes of this chapter, the term "wages" means all remuneration for
23  **employment**, including the cash value of all remuneration (including benefits) paid in any
medium other than cash; except that such term **shall not include**-(1) in the case of the
24  taxes imposed by sections 3101(a) and 3111(a) that part of the remuneration which, after
remuneration (other than remuneration referred to in the succeeding paragraphs of this
25  subsection) equal to the  contribution and benefit base (as determined under section 230 of
the **Social Security** Act [42 U S C.S  §430] (emphasis mine)
26
    *7*  **Title 26, U.S.C., § 3401(a)(8)(A)(i)**
27
  which in pertinent reads.
28

1
2
3
4
5

"(a) Wages.
For purposes of this chapter, the term "wages" means all remuneration (other than fees paid to a public official) for services performed by an employee for his employer, including the cash value of all remuneration (including benefits) paid in any medium other than cash; **except** that such term shall not include remuneration paid-
(8) (A) for services for an employer (other than the United States or any agency thereof)-
(i) **performed by a citizen of the United States if**, at the time of the payment of such remuneration, **it is reasonable to believe** that such remuneration will be **excluded from gross income under section 911**; (emphasis mine)

6

   8. **Title 26, U.S.C., § 911(b)(2), Citizens or residents of the United States living abroad,**

7
8

which in pertinent part states.

9
10

   "(A) In general  The foreign earned income of an individual which **may be excluded** under subsection (a)(1) for any taxable year shall not exceed the amount of foreign earned income computed on a daily basis at an annual rate of $70,000 " (emphasis mine)

11

   9. **Title 26, Code of Federal Regulations § 31.3401(a)-1 Wages:**

12

which in pertinent part states

13
14
15

   (a)   In general.
   (1)   The term "wages" means all remuneration for services performed by an employee for his employer unless specifically **excepted under section 3401(a)** or excepted under section 3402(e). (emphasis mine)

16

   10. **Title 26, U.S.C., §3402(e)**

17

which in pertinent part states.

18
19
20
21

   "(e) Included and **excluded** wages
If the remuneration paid by an employer to an employee for services performed during one-half or more of any payroll period of not more than 31 consecutive days constitutes wages, all the remuneration paid by such employer to such employee for such period shall be deemed to be wages; but **if the remuneration** paid by an employer to an employee for services performed during more than one-half of any such payroll period **does not constitute wages, then none of the remuneration** paid by such employer to such employee for such period **shall be deemed to be wages**." (emphasis mine)

22

   11  **Title 26, U.S.C., §3402(p)**

23

which in pertinent part reads:

24
25
26

   "Section 3402(p). Authority for other **voluntary** withholding. The Secretary is **authorized** by regulations to **provide** for withholding- (1) from remuneration for services performed by an employee for the employee's employer which (without regard to this paragraph) **does not constitute wages**, and

27
28

(2) from any other type of payment with respect to which the Secretary finds that withholding would be appropriate under the provisions of this chapter, if the employer and employee, or the person making and the person receiving such other type of payment,

1   **agree** to such withholding. Such agreement shall be in such form and manner as the
Secretary may by regulations prescribe  For purposes of this chapter (and so much of
2   subtitle F as relates to this chapter), **remuneration** or other payments **with respect to
which such agreement is made shall be treated as if they were wages** paid by an
3   employer to an employee to the extent that such remuneration is paid or other payments
are made during the period for which the agreement is in effect " (emphasis mine)

4

5   12  **Title 26, U.S.C., Code of Federal Regulations §31.3402(p)**

6   which in pertinent part reads·

7   "Section 31.3402(p)- **Voluntary withholding agreements**. (T D  7096, filed 3-17-71;
amended by TD 7577, filed 12-19-78).
8
(a) In general  An employee and his employer **may** enter into an agreement under section
9   3402(p) to provide for the withholding of income tax upon payments of amounts
described in paragraph (b)(1) of Sub-Section 31 3401(a)-3, made after December 21,
10  1970. An agreement **may** be entered into under this section only with respect to amounts
which are includible in the gross income of the employee under section 61, and must be
11  applicable to all such amounts paid by the employer to the employee. The amount to be
withheld pursuant to an agreement under section 3402(p) shall be determined under the
12  rules contained in section 3402 and the regulations thereunder.

13  (B) form and duration of agreement.

14  (1)(i) Except as provided in subdivision (ii) of this subparagraph, **an employee who
desires to enter into an agreement** under section 3403(p) **shall furnish** his employer
15  with **Form W-4** (Employee's Withholding Allowance Certificate) executed in accordance
with the provisions of section 3402(f) and the regulations thereunder  The furnishing of
16  such **Form W-4** shall constitute a **request for withholding.**

17  (ii) In the case of **an employee who desires to enter into an agreement** under section
3402(p) with his employer, if the employee performs services (in addition to those to be
18  the subject of the **agreement)** the remuneration for which is subject to mandatory income
tax withholding by such employer, or if the employee wishes to specify that the
19  **agreement** terminate on a specific date, the employee shall furnish the employer with a
**request** for withholding which shall be signed by the employee, and shall contain -

20  (a) The name, address and social security number of the employee making the **request,**

21  (b) The name and address of the employer,

22  **(c) A statement that the employee desires withholding of Federal income tax, and, if
applicable, of qualified State individual income tax** (see paragraph (d)(3)(i) of Sub-
23  Section 301 6361-1 of this chapter (Regulations on Procedure and Administration)), and

24  (d)(iii) **No request** for withholding under section 3402(p) **shall be effective as an
agreement** between an employer and employee **until the employer accepts the request
25  by commencing to withhold from the amounts with respect to which the request was
made."** (emphasis mine)

26
13  **Title 26, U.S.C., § 6041(d)**
27
which in pertinent part states.
28

| | |
|---|---|
| 1 | "(d) Statements to be furnished to persons with respect to whom information is required. Every person required to make a return under subsection (a) shall furnish to each person |
| 2 | with respect to whom such a return is required a written statement showing- (1) the name, address, and phone number of the information contact of the person |
| 3 | required to make such return, and (2) **the aggregate amount of payments to the person required to be shown on the return**.  The written statement required under the |
| 4 | preceding sentence shall be furnished to the person on or before January 31 of the year following the calendar year for which the return under subsection (a) was required to be |
| 5 | made. (emphasis mine) |
| 6 | 14  **Title 26 Code of Federal Regulations,. § 1.6041-8** |
| 7 | which in pertinent part states |
| 8 | |
| 9 | "For provisions relating to the penalty provided for failure to file timely a correct information return required under section 6041(a) or (b), see Sec  301 6721-1 of this |
| 10 | chapter (Procedure and Administration Regulations)   For provisions relating to the penalty provided for failure to furnish timely a correct payee statement required under |
| 11 | section **6041(d)**, see Sec. 301 6722-1 of this chapter see Sec. 301.6724-1 of this chapter for the **waiver of a penalty if the failure is due to reasonable cause and is not due to willful neglect**  " (emphasis mine) |
| 12 | |
| 13 | 15  **Title 26, U.S.C., §6109** |
| 14 | which states in pertinent part |
| 15 | "If he [the employer] does not know the taxpayer identifying number of the other person, |
| 16 | he shall **request** such number of the other person. A request should state that the identifying number is required to be furnished under the authority of law. When the person |
| 17 | filing the return, statement, or other document does not know the number of the other person, and has complied with the request provision of this paragraph, he shall sign an |
| 18 | affidavit on the transmittal document forwarding such returns, statements, or other documents to the Internal Revenue Service so stating. Teas  Reg  Sec  301 6109(c)." |
| 19 | (emphasis mine) |
| 20 | 16  **Title 26, Code of Federal Regulations §301.6109-1(c)** |
| 21 | |
| 22 | which states in pertinent part: |
| 23 | " a payor is required to **request** the identifying number of the payee  If after such a request has been made, the payee does not furnish the payor with his identifying number, |
| 24 | **the penalty shall not be assessed against the payor.** Treas. Reg. Sec  310 6676-(1). " (emphasis mine) |
| 25 | |
| 26 | 17  **Official Code Georgia Annotated § 48-7-27, Computation of taxable net income** |
| 27 | which in pertinent part states. |
| 28 | |

1   "a) Georgia taxable net income of an individual <u>shall be</u> the taxpayer's <u>federal adjusted gross income</u>, **as defined** in the <u>United States Internal Revenue Code of 1986</u>"
2   (emphasis mine)

3   Dated this 22nd day of January, 2002

4

5                          Nicholas Brissey, minor,
                               by and through,
6

7                    *Thomas Brissey*
8                    Thomas Brissey, father and next friend

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 8 of 8

### CERTIFICATE OF SERVICE

I, Thomas E Brissey, Plaintiff and Father of Nicholas Brissey, a minor, do hereby certify that I have this day served a copy of the foregoing **VERIFIED COMPLAINT, BRIEF IN SUPPORT with attached APPENDIX and Exhibits A and B** along with the Court's <u>NOTICE TO COUNSEL, SUMMARY OF RELEVANT DATES, INCLUDING PROPOSED PRETRIAL ORDER, NOTICE OF CASE MANAGEMENT PROCEDURES</u> , completed <u>NOTICE OF CASE MANAGEMENT PROCEDURES</u> and <u>NOTICE</u> upon

CADDIE MASTER ENTERPRISES, INC ,
trading and doing business as
CADDIE MASTER AT SEA ISLAND, LLC
POB 160
Pinehurst, NC 28370,

by and through,

Mr  Mike Dennison
**registered agent**
400 Retreat Avenue
St. Simons Island, Ga. 31522

by appropriate process server

This 22nd day of January, 2002

Nicholas Brissey, by and through,

*Thomas E. Brissey*

Thomas E. Brissey, his father and next friend
112 North Harrington Road
St  Simons Island, Ga  31522